### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **Chapter 11** |
| **Cross-Roads II Enterprises, Inc.** | § | |
| **f/k/a Cross-Road Enterprises, Inc.,** | § | |
| **PO Box 2754** | § | |
| **Mission, TX 78572** | § | |
| **74-2724752** | § | **Case No. 14-70428** |
| | § | |
| | § | |
| **Debtor.** | § | |

### MOTION TO DISMISS BANKRUPTCY CASE

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

RREF II CB III-TX CRE, LLC (together with its direct affiliates, subsidiaries, parents, successors, and assigns, "**RREF**"), as successor-in-interest to Compass Bank, and a secured creditor in the above-captioned chapter 11 bankruptcy case, hereby files this *Motion to Dismiss Bankruptcy Case* (the "**Motion**"). In support of the Motion, RREF respectfully states as follows:

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are 11 U.S.C. §§ 105 and 1112, Rule 1017 of the Federal Rules of Bankruptcy Procedure, and Rule 1017-2 of the Local Rules of Bankruptcy Procedure for this Court. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

## II. BANKRUPTCY PROCEEDINGS

2.      On August 4, 2014 (the "**Petition Date**"), Cross-Roads II Enterprises, Inc. (the "**Debtor**") filed its voluntary petition under chapter 11 of the Bankruptcy Code and commenced the above-captioned, chapter 11 small business case (the "**Bankruptcy Case**").

3.      Barbara C. Jue represents the U.S. Trustee in the Bankruptcy Case. There is no Chapter 11 Trustee appointed in the Bankruptcy Case.  There is no committee appointed in the Bankruptcy Case.

4.      RREF filed its secured proof of claim (the "**Claim**") in the amount of $404,989.15 on January 8, 2015 as Claim No. 7-1 of the Claims Register.[1]

5.      On December 2, 2014, the Debtor filed its *Chapter 11 Small Business Disclosure Statement* [Docket No. 55] (the "**Disclosure Statement**"), along with its *Chapter 11 Small Business Plan* [Docket No. 54] (the "**Plan**").

6.      On December 4, 2014, this Court entered an order setting a hearing regarding the Disclosure Statement for January 21, 2015 at 9:00 a.m. (CST) [Docket No. 56].

7.      On January 14, 2015, RREF timely filed its *Objection to Debtor's Disclosure Statement* [Docket No. 60]. RREF objected to the approval of the Disclosure Statement for,

---

[1] **Exhibits 1-16** attached to the Claim are collectively referred to herein as the "**Loan Documents**" and incorporated herein for all purposes. *See* Fed. R. Bankr. P. 9032; Fed. R. Civ. P. 10(c).

among other things, the Debtor's failure to provide adequate information concerning an investor's decision to accept or reject the Plan pursuant to 11 U.S.C. § 1125(b). The Court set a hearing regarding the Disclosure Statement for January 21, 2015 at 9:00 a.m. (CST) [Docket No. 56] (the "**January Hearing**").

8.      Prior to the January Hearing, the Debtor and RREF entered into negotiations regarding RREF's Objection. The parties agreed to continue the January Hearing to further negotiate RREF's Objection. On January 20, 2015, the Court entered an agreed order continuing the hearing regarding the Disclosure Statement originally set for January 21, 2015, and resetting such hearing for February 25, 2015 at 9:00 a.m. (CST) [Docket No. 62].

9.      On February 25, 2015, the Court entered an agreed order continuing the hearing regarding the Disclosure Statement that was reset for February 25, 2015, and resetting such hearing for March 18, 2015 at 9:00 a.m. (CST) [Docket No 67].

10.     On March 5, 2015, the Debtor proposed to obtain refinancing to treat RREF's Claim.[2] The parties agreed to continue the hearing set for March 18, 2015 to further negotiate such treatment. On March 18, 2015, the Court entered an agreed order continuing the hearing regarding the Disclosure Statement that was reset for March 18, 2015, and resetting such hearing for April 15, 2015 at 9:00 a.m. (CST) [Docket No. 70].

11.     On April 15, 2015, the Court entered an agreed order continuing the hearing regarding the Disclosure Statement that was reset for April 15, 2015, and resetting such hearing for May 20, 2015 at 9:00 a.m. (CST) [Docket No. 75].

---

[2] Since September of 2014, continuing into August of 2015, the Debtor has continually reassured RREF that it is attempting to refinance certain indebtedness owed on RREF's Claim. The Debtor has not provided RREF any documentation evidencing such refinancing, making it impossible for RREF to make an informed decision regarding treatment of its Claim.

**MOTION TO DISMISS BANKRUPTCY CASE** - Page 3

12.     On May 20, 2015, a hearing was held regarding the Debtor's Disclosure Statement [Docket No. 80] (the "**May Hearing**"). At the hearing, the Debtor and RREF represented to the Court that RREF's Objection would be resolved after the Debtor filed an amended Disclosure Statement providing certain specified information. The Court required the Debtor to file with the Court an agreed order within ten days of the hearing.

13.     The Debtor failed to file the agreed order. As of the date of this Motion, the Debtor still has not filed the agreed order, and has failed to provide RREF adequate information regarding the Disclosure Statement.

14.     Since January 2015, RREF has attempted to negotiate treatment of RREF's Claim under the Plan with the Debtor. Since the May Hearing, RREF has attempted to obtain information from the Debtor concerning the Disclosure Statement and the required agreed order. RREF has attempted to resolve this matter by initiating discussions with Debtor's counsel on at least eight separate occasions since the May Hearing. Nearly three months have passed since the May Hearing, and the Debtor has failed to (a) file the agreed order required by the Court; (b) resolve RREF's Objection; (c) confirm a plan of reorganization; and (d) prosecute its Bankruptcy Case. Despite the Debtor's assurances (since September 2014) that it has taken steps to locate a broker and obtain financing to resolve RREF's Claim, RREF has not received or reviewed any documentation supporting such assurances.

15.     By this Motion, RREF requests that the Court Dismiss the Bankruptcy Case for cause under 11 U.S.C. § 1112(b) due to the Debtor's (a) failure to comply with a Court order; (b) failure to confirm a plan within the time fixed by the Bankruptcy Code; and (c) failure to prosecute this Bankruptcy Case.

### III. LOAN TRANSACTION AND COLLATERAL

16.     As more fully set forth in RREF's Claim, RREF is the owner and holder of a Real Estate Lien Note ("**Note**") dated February 20, 1996, executed by Debtor in favor of First State Bank & Trust Company of Mission, Texas in the original principal amount of $400,000.00.

17.     The indebtedness evidenced by the Note due and owing from Debtor to RREF is secured by certain real property being described in the Loan Documents as: (i) "1.2099 acres of improved land," commonly known as "Lots Ten (10) and Eleven (11), Block Two (2), Mission Groves Estates, Hidalgo County, Texas" ("**Tract 1**"); and (ii) "a 11,285 square foot (.0259 acres) tract of land, more or less, out of lot ten (10), block two (2), Mission Groves Subdivision, an addition to the City of Palmview, Hidalgo County, Texas, according to a map or plat recorded in volume 5, page 21, Map Records, Hidalgo County, Texas" ("**Tract 2**").  Tract 1, Tract 2, and any and all additional collateral securing the Note are collectively referred to herein as the "**Collateral**."

18.     Tract 1 is more particularly described in that certain Deed of Trust executed by Debtor in favor of First State Bank & Trust Company, dated February 20, 1996 and filed in the real property records of Hidalgo County, Texas on March 28, 1996 at Document No. 513348 ("**Deed 1**").

19.     Tract 2 is more particularly described in that certain Deed of Trust executed by Debtor in favor of Texas State Bank, dated August 2, 2007 and filed in the real property records of Hidalgo County, Texas on August 29, 2007 at Document No. 2007-1800168 ("**Deed 2**").

20.     The Note, Deed 1, Deed 2, and corresponding Loan Documents were assigned from Compass Bank, as successor-in-interest to Texas State Bank, to RREF II CB Acquisitions,

LLC by that certain Assignment of Loan Documents dated May 22, 2013 and recorded in the official records of Hidalgo County, Texas on July 3, 2013 at Document Number 2013-2427680.

21.     The Note, Deed 1, Deed 2, and corresponding Loan Documents were assigned from RREF II CB Acquisitions, LLC to RREF by that certain Assignment of Loan Documents dated October 30, 2013 and recorded in the official records of Hidalgo County, Texas on November 4, 2013 at Document Number 2013-2461298.

22.     The Debtor is in default under the terms of the Loan Documents due to, *inter alia*, its failure to remit payments to RREF as set forth therein. The indebtedness reflected in RREF's Claim is fully matured under the terms of the Loan Documents and due in full.

## IV. <u>GROUNDS FOR DISMISSAL</u>

### A.  Section 1112(b) Dismissal

23.     By this Motion, RREF respectfully requests that this Court dismiss the Bankruptcy Case pursuant to 11 U.S.C. § 1112(b) because "cause" exists under these circumstances.

24.     Specifically, "cause" exists to dismiss this Bankruptcy Case because the Debtor has (a) failed to comply with an order of this Court; (b) failed to confirm a plan within the time fixed by the Bankruptcy Code, and (c) failed to prosecute this Bankruptcy Case.

25.     Section 1112(b) of the Bankruptcy Code provides, in relevant part, as follows:

  (b)(1) . . . [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . .

*See* 11 U.S.C. § 1112(b)(1).

26.     Section 1112(b)(4) lists the various bases comprising "cause" for dismissal. The term "cause" includes the "failure to comply with an order of the court," and the failure to

"confirm a plan, within the time fixed by this title or by order of the court." *See* 11 U.S.C. § 1112(b)(1)(4)(E), (J). The term "includes" that leads off section 1112(b)(4) is not limiting, so circumstances that warrant dismissal which are not explicitly listed may exist. *See* 11 U.S.C. 102(3) ("In this title . . . 'includes' and 'including' are not limiting"); *In re Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 711 (Bankr. D. Md. 2011) ("Section 1112(b)(4) contains a non-exclusive list of enumerated examples of facts that would constitute cause").

### B. Failure to Comply with Court Order

27.     Cause exists to dismiss this Bankruptcy Case for the Debtor's failure to comply with an order of this Bankruptcy Court under § 1112(b)(4)(E) of the Bankruptcy Code. Specifically, the Court required the Debtor to upload an agreed order within ten days after the May Hearing on the Disclosure Statement, which would have resolved RREF's Objection [Docket No. 80]. Nearly three months have passed since the deadline to upload such order, and the Debtor has failed to comply with the Court order.

28.     Courts have seen occasion to dismiss a bankruptcy case under 11 U.S.C. § 1112(b)(4)(E). For example, in *In re Alston*, No. BR 12-15871, 2013 WL 6210249, at *8 (E.D. Pa. Nov. 27, 2013), a district court determined that the Bankruptcy Court did not err by dismissing the case after the debtor paid his attorney in violation of a court order.

29.     Despite multiple requests from RREF to Debtor's counsel to provide the stipulated information and provide a form of order agreeable to RREF, the Debtor failed to do so. Nearly three months have passed since the May Hearing, and the Debtor has not even published a proposed agreed order for RREF's review. The Debtor's failure to do so hinders resolution of this Bankruptcy Case, and is a violation of the order at Docket No. 80 which constitutes cause to dismiss the case under 11 U.S.C. § 1112(b)(4)(E).

**C.  Failure to Confirm Plan**

30.     Cause also exists to dismiss the Bankruptcy Case under 11 U.S.C. § 1112(b)(4)(J) for the Debtor's failure to confirm a plan within the time required by the Bankruptcy Code.

31.     Section 1129(e) requires a plan to be confirmed in a small business case "not later than 45 days after the plan is filed unless the time for confirmation is extended." *See* 11 U.S.C. 1129(e).  In this case, Debtor filed this Bankruptcy Case under the "small business" designation in its Voluntary Petition [Docket No. 1].

32.     The Debtor filed its proposed Plan on [Docket No. 54] on December 2, 2014. Under 11 U.S.C. 1129(e), the Debtor was required to confirm a plan not later than January 16, 2015. Arguably, the various agreed orders entered between January and April of 2015 continuing the hearing regarding the Disclosure Statement could have abated such deadline. However, even if the deadline to confirm a plan was abated by such continuances, more than 45 days have passed since the May Hearing. Accordingly, Debtor is well beyond the 45-day period allotted by the Bankruptcy Code for confirming a plan in this small business case.

33.     The Debtor's failure to confirm a plan within the time required by 11 U.S.C. § 1129(e) constitutes "cause" to dismiss the Bankruptcy Case under 11 U.S.C. § 1112(b)(4)(J).

**D.  Failure to Prosecute Bankruptcy Case**

34.     In addition to the above, cause to dismiss the Bankruptcy Case also exists for the Debtor's failure to prosecute this Bankruptcy Case.

35.     Section 1112(b)(4) does not explicitly include as a basis for "cause" a debtor's failure to prosecute the bankruptcy case. Nevertheless, there can be bases for relief other than those specifically identified in that subsection. *See In re Hyatt*, 479 B.R. 880, 885 (Bankr. D.N.M. 2012). Failure to prosecute a chapter 11 case in an expeditious manner constitutes

"cause" to dismiss or convert a chapter 11 case. *See In re Bacon*, 52 B.R. 52, 53 (Bankr. N.D. Iowa 1985).

36.     In *Bacon*, for example, the court dismissed the bankruptcy case for "cause" for the debtors' failure to prosecute the case after the court found that the debtors' prosecution of the case was "characterized by the knee-jerk reactions to the motions filed by [a creditor]." *See id*. at 53. Specifically, the debtors filed a plan of reorganization and a disclosure statement on the date set for a hearing on a creditor's lift-stay motion. *Id*. Furthermore, the debtors complied with a court order to amend their disclosure statement only after the creditor filed a motion to dismiss. *Id*. The court explicitly found that the debtors' failure to amend an inadequate disclosure statement for six months when ordered to do so within ten days by the court constituted "inexcusable delay" which was "prejudicial to the creditors of [the] estate." *See id*. at 54.

37.     *Bacon* is directly on point for this Bankruptcy Case. Nearly three months have passed since the Debtor was directed to resolve RREF's Objection by amending the Disclosure Statement. Such failure constitutes inexcusable delay which is prejudicial to all creditors in this Bankruptcy Case. The Debtor's failure to prosecute the Bankruptcy Case is also evidenced by the multiple continuances regarding the hearing on the Disclosure Statement from January to May, the Debtor's failure to confirm a plan of reorganization within the time required by the Bankruptcy Code, and the Debtor's failure to obtain refinancing on RREF's Claim despite continual assurances by the Debtor – for nearly a year – that such refinancing is forthcoming.

38.     Failure to prosecute a chapter 11 case in an expeditious manner constitutes "cause" to dismiss the case under 11 U.S.C. § 1112(b). This Bankruptcy Case should be dismissed for the Debtor's inexcusable delay in prosecuting the case.

## V.  REQUEST FOR RELIEF

**WHEREFORE**, RREF respectfully requests that the Court grant the following relief:

(a) enter an Order dismissing the Bankruptcy Case styled as case number 14-70428 filed in this Court with prejudice for a period of 180 days after entry of the Court's dismissal order on the docket;

(b) enter an Order awarding RREF the amount of $1,000.00 for the preparation and prosecution of this Motion;

(c) enter the form of Order attached hereto as **<u>Exhibit A</u>**; and

(d) grant such other and further relief as is just and equitable.

*[Signature page follows]*

Dated:  August 17, 2015

Respectfully submitted,

**GARDERE WYNNE SEWELL LLP**

*/s/ Matthew Pyeatt*
Robert T. Slovak (TX 24013523)
Thomas Scannell (TX 24070559)
Matthew J. Pyeatt (TX 24086609)
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: 214-999-4289
Facsimile: 214-999-4667
rslovak@gardere.com
tscannell@gardere.com
mpyeatt@gardere.com

**RREF II CB III-TX CRE, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing Objection was served electronically by the Court's ECF/PACER system on August 17, 2015.

*/s/ Matthew Pyeatt*
Matthew J. Pyeatt

Gardere01 - 6933179v.4

**MOTION TO DISMISS BANKRUPTCY CASE** - Page 11